**UNITED STATES of America**

v.

**Walter F. BARNES et al.**

**Crim. No. 71–193.**

United States District Court,
E. D. Pennsylvania.

Jan. 26, 1972.

———◆———

Louis C. Bechtle, U. S. Atty., Robert N. de Luca, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

David E. Abrahamsen, Philadelphia, Pa., for defendant Walter F. Barnes.

Mary Alice Duffy, Philadelphia, Pa., for defendant John T. Meekins.

Matthew J. Ryan, III, Philadelphia, Pa., for defendant Benjamin D. Jones.

MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This is a bank robbery case. On March 12, 1971, the arrival of police on the scene aborted a holdup of the Girard Trust Company Bank at 50th Street and Wynnefield Avenue, in Philadelphia. Upon the arrival of the police, the four persons who had allegedly entered the bank to rob it quickly fled on foot in different directions. One defendant, Woodall, is still at large. The other three defendants, Meekins, Jones and Barnes, have all filed motions to suppress the out-of-court identification of themselves by employees of the Girard Trust Bank on March 12, 1971.

About five minutes after the robbery attempt, defendant Jones was apprehended in the vicinity of the bank and placed in a patrol wagon. Approximately twenty minutes later defendant Meekins, who had been spotted climbing a tree in the area, had also been arrested and was placed in the same patrol wagon with Jones.

Officer Chapman of the Philadelphia Police Department then drove the wagon with the suspects to the bank. At least two of the bank employees were led to the wagon by Officer Chapman to determine whether they could identify Jones or Meekins as being among the bank robbers. Both were identified by two tellers as being two of the would-be robbers who had climbed over the tellers' windows in the bank. The tellers, Diane Rockemore and Charles Steele, both testified at the suppression hearing (and we find as a fact) that their identifications were made independently, as each was unaware that the other had also made a positive identification. Their identifications took place approximately a half hour after the holdup attempt.

The defendants contend that their right to a fair trial was violated because the identifications were conducted without the presence of counsel, relying on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Wade, however, presented the situation of a post-indictment exhibition of the defendant in a lineup. Some courts since have held that prompt on-the-scene confrontations do not require the presence of counsel because they assure reliability and provide for the expeditious release of innocent suspects. *E.g.*, Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280 (D.C.Cir.1969), cert. denied, 395 U.S. 928 (1969).

In quite similar circumstances, this Circuit recently gave its approval to the procedure of the quick return of apprehended suspects to the scene of the crime for prompt confrontations with eyewitnesses. United States v. Gaines, 450 F.2d 186 (C.A. 3, 1971). The identifications involved here were obviously to some extent suggestive, but not so unnecessarily so that they were conducive to irreparable mistaken identification in violation of the standard set forth in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The fact that Jones and Meekins were viewed in a police car, or handcuffed, does not make the confrontation impermissibly suggestive since this is normal police treatment of any suspect. *See* Bates v. United States, 132 U.S.App.D.C. 36, 405 F.2d 1104 (D.C.Cir.1968).

For the same reasons we deny defendant Barnes' motion to suppress the identification of him which also took place shortly after the robbery attempt. Barnes was apprehended a little over an hour after the crime had been committed, and was brought back to the bank for possible identification. He was led into the bank in handcuffs, approximately an hour and a half after the robbery, where he was identified by Mrs. Rockemore as the man who served as the lookout near the door in the bank while the robbery was in progress.

The value for innocent suspects of such prompt on-the-scene confrontations with eyewitnesses is demonstrated in this case by the fact that other suspects brought back to the bank in handcuffs by police were released when the bank employees could not identify them as being participants in the crime.

Therefore, the motions of defendants Jones, Meekins and Barnes to suppress identification testimony are denied.